UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| RAUL ZAVALA,<br><br>               Petitioner,<br><br>vs.<br><br>HECTOR RIOS,<br><br>               Respondent. | NO. CV-11-298-LRS<br><br>ORDER DISMISSING FIRST AMENDED PETITION WITH PREJUDICE |

    BEFORE THE COURT is Mr. Zavala's First Amended Petition. ECF No. 12. Petitioner, a federal prisoner at the United States Penitentiary in Atwater, California, is proceeding *pro se* and *in forma pauperis;* Respondent has not been served. After review of the First Amended Petition and Mr. Zavala's accompanying documents, the Court finds his federal habeas petition is untimely under 28 U.S.C. § 2244(d).

    Mr. Zavala challenges his 1998 Spokane County jury convictions for possession of a controlled substance with intent to deliver-Methamphetamine, and delivery of a controlled substance - Methamphetamine. He states he was sentenced to 100 months on each count. In his accompanying Memorandum, ECF No. 13, Petitioner indicates his sentence has been served and is now expired. He asserts his present confinement has been enhanced by the 1998 convictions.

    A federal habeas petition must be filed within one year after direct appellate review concludes or the time for seeking such review expires. See 28 U.S.C. § 2244(d)(1)(A); *Lindh v. Murphy,* 521 U.S. 320, 327-27 (1997). Petitioner indicates his

ORDER DISMISSING FIRST AMENDED PETITION WITH PREJUDICE -- 1

conviction was affirmed by the Washington State Court of Appeals, Division III, on October 28, 1999. State court records show the Washington State Supreme Court denied his petition for review on July 11, 2000.[1] Petitioner did not seek *certiorari* in the United States Supreme Court.

The period of "direct review" includes the ninety-day period during which an inmate may file a writ of certiorari with the United States Supreme Court, whether or not the inmate actually files such a petition. *Summers v. Schriro*, 481 F.3d 710, 717 (9th Cir. 2007). Therefore, the federal limitations period began to run on October 9, 2000, ninety days after the Washington State Supreme Court denied review. Absent statutory or equitable tolling, the time limit for seeking federal habeas review of the 1998 Spokane County convictions expired on October 9, 2001.

The one-year statute of limitations is tolled during the period "which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending[.]" 28 U.S.C. § 2244(d)(2). Mr. Zavala indicates a Personal Restraint Petition/"Writ of Error Coram Nobis" he filed in the Spokane County Superior Court was transferred to the Court of Appeals, Division III, on June 25, 2009. A state court petition submitted in 2009, however, even if properly filed under state law, could not have tolled the federal limitations period which had already expired on October 9, 2001. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed").

Although granted the opportunity to do so, Plaintiff has failed to present any facts which would entitle him to equitable tolling. He asserts "the denial of my petition for

---

[1]Judicial notice may be taken of court records. *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd*, 645 F.2d 699 (9th Cir. 1981).

ORDER DISMISSING FIRST AMENDED PETITION WITH PREJUDICE -- 2

review by the Washington State Supreme Court was filed within the one-year." Once again, even if a state petition was pending between sometime in 2009 and June 11, 2010, this could not revive the federal limitations period which had already expired on October 9, 2001.

In addition, Petitioner asserts "new evidence," (i.e., a witness) is available, and his trial attorney knowingly possessed "information of [his] actual innocence" before, during and after trial. He requests an evidentiary hearing, and the appointment of counsel and an investigator to conduct discovery of an "available material witness."

Petitioner, however, fails to specify what additional evidence he could develop, why that evidence "could not have been previously discovered through the exercise of due diligence," or how the additional evidence he wishes to develop would have likely affected the outcome of his trial. *See* 28 U.S.C. § 2254(e)(2)(A)(ii); *Williams v. Taylor,* 529 U.S. 420, 432 (2000). Furthermore, habeas petitioners may not "use federal discovery for fishing expeditions to investigate mere speculation." *Calderon v. U.S. Dist. Court*, 98 F.3d 1102, 1106 (9th Cir. 1996) (citation omitted); *United States ex rel. Nunes v. Nelson*, 467 F.2d 1380, 1380 (9th Cir. 1972) (state prisoner "is not entitled to a discovery order to aid in the preparation of some future habeas corpus petition"); *Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970) ("Habeas corpus is not a general form of relief for those who seek to explore their case in search of its existence.").

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, —— U.S. ——, ——, 130 S.Ct. 2549, 2562, 177 L.Ed.2d 130 (2010) (internal quotation marks omitted). Petitioner has failed to show sufficiently "extraordinary circumstances" beyond his control have kept him from timely filing a federal habeas petition. *See Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008). Furthermore, he fails to make a credible showing that he is

ORDER DISMISSING FIRST AMENDED PETITION WITH PREJUDICE -- 3

Case 2:11-cv-00298-LRS   Document 16   Filed 12/01/11

actually innocent. *See Lee v. Lampert,* 653 F.3d 929, 937 (9th Cir. 2011)(en banc).

For the reasons set forth above and in the Court's previous Order, ECF No. 10, **IT IS ORDERED** Mr. Zavala's habeas action is **DISMISSED with prejudice** as time-barred under 28 U.S.C. § 2244(d).

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, enter judgment, and forward copies to Petitioner at his last known address. The court further certifies that pursuant to 28 U.S.C. § 1915(a)(3), an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R.App. P. 22(b).

**DATED** this  1st  day of December, 2011.

*s/Lonny R. Suko*
_____
LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER DISMISSING FIRST AMENDED PETITION WITH PREJUDICE -- 4